AMANDA DAVIS, ADMINISTRATRIX V. THE AMERICAN FREEHOLD LAND MORTGAGE CO.

No. 1410.

**Estates—Appeal—Delay in Prosecuting.**

In an appeal by administratrix from an order of the County Court allowing a claim transcript was not filed in District Court for more than two years and after a lapse of four terms. Appellant's delay in having it filed was due to delay of the county clerk in making it out and repeated promises to attend to it, which had kept appellant from applying for mandamus. Held: That the appeal was properly dismissed by reason of the delay of appellant in prosecuting it. It was his duty to see that the clerk performed his duty within a reasonable time. The excuse offered was insufficient. He should have sought a mandamus.

APPEAL from Bell. Tried below before HON. W. A. BLACKBURN.

*Harris & Saunders,* for appellant.—1. The jurisdiction of the District Court having once attached by the giving of the notice of appeal in the County Court as provided by law, the District Court does not lose its jurisdiction by reason of the failure of the clerk to make out and transmit the transcript of the proceedings to the District Court within the time required of him by law. Rev. Stats., arts. 2202 to 2207; Ball v. Lowell, 56 Texas, 579; Railway v. Dyer, 2 App. Civil Cases, sec. 312; Kahn v. Israelson, 62 Texas, 221; Bender v. Lockett, 64 Texas, 566; Newton v. Newton, 61 Texas, 511.

2. The jurisdiction of the District Court does not depend on the time of filing the transcript in that court, but on the giving notice of appeal in open court, in the court below, when no bond is required. Same authorities.

COLLARD, ASSOCIATE JUSTICE.—The appellee, The American Freehold Land Mortgage Company, filed in the County Probate Court of Bell County, in which the administration of the estate of L. H. Davis, deceased, was pending, the appellant, Amanda Davis, being the adminstratrix, an application to require her to sell certain land of the estate to pay a claim of the company which had been duly authenticated, allowed by the administrator, approved by the court, filed, and entered on the claim docket. The application showed that the claim so probated was secured by deed of trust of the deceased upon the land sought to be sold, the deed of trust being valid and subsisting at the time of the application. The claim was a note of deceased for $1,000 and certain interest coupon notes, the note providing that in case of suit thereon, and collection by suit, the maker would pay all costs of collection including ten per cent. of the principal and interest on attorneys fees. The application to sell the lands shows that a resort to suit to collect the claim has become necessary, whereby the estate has become bound to the ten per cent. on interest and principal as attorneys fees.

Mrs. Davis, the administratrix, resisted the demand for attorneys fees by exception, because the contract did not call for the same, and because the claim has never been presented to the administrator nor approved by the court. She also resisted the application to sell upon the ground that owing to financial depression a forced sale of the land would be attended with great loss to the estate. The county court for probate business, on the 20th day of April, 1892, rendered judgment for the company, finding that the estate was indebted to applicant on the claim which had been duly presented to the administrator May 1, 1889, and allowed and approved by the court October 15, 1889, and which when allowed on May 1, 1889, amounted to principal and interest $1113.33 and $111.33 attorneys fees, aggregating $1224.66 and allowed interest thereon from May 1, 1889, the date of the approval; and also finding the mortgage on the land as alleged to secure the claim, and so ordered the sale of the land as prayed for in the application, fixing the time of sale on the first Tuesday in June, 1892. The administratrix gave notice of appeal in the District Court on the same day, the 20th day of April, 1892.

The clerk of the County Court made out no transcript of the record until the 28th day of June, 1894, at which time his certificate is dated, and the transcript was filed in the District Court of Bell County, September 19, 1894.

The appellee in the District Court filed a motion to dismiss the appeal because of the delay in prosecuting it, as shown, from the 20th day of April, 1892, to September 19, 1894, the day of filing the transcript, claiming that there was such laches in the prosecution of the appeal as was not warranted by law and that the transcript was unlawfully filed and conferred no jurisdiction upon the District Court. The administratrix filed answer to the motion which was true, as the court below so found, there being no statement of facts in the record. The answer set

up that upon the rendition of the decree in the County Probate Court April 20, 1892, the administratrix gave notice of appeal to the District Court, "and asked the clerk of said County Court to make out and deliver to the clerk of this court a transcript of the decree of said County Court and the papers and proceedings in relation thereto as required by law; that said clerk promised her through her attorney, A. J. Harris, to make out and deliver said transcript to the clerk of this court, but failed to do so at the July term of this court, 1892; that said Amanda Davis, by her said attorney, again called for said transcript and demanded of said clerk that he make out and return the same to this court, and he promised to do so, but again failed to do so; and said administratrix says that she repeatedly called on and requested said county clerk to make out and deliver said transcript to the clerk of this court and whenever said request was so made, and it was made during each term and between every term of this court from and including the July term, 1892, and the January term, 1894, and afterwards, said clerk would promise that he would at once go to work on said transcript and complete and deliver it to the clerk of this court; that but for the aforesaid promises of said county clerk so repeatedly made said administratrix would have applied to this court for a mandamus to compel said clerk to make out and file in this court said transcript; that said county clerk did make out and deliver the same to the clerk of this court on or about the 28th day of June, 1894, but the clerk of this court neglected to docket the same and it was not filed and docketed in this court until September 19, 1894, as she is informed, because the clerk of this court had neglected to indorse said transcript. And this administratrix says she is not in default and said estate ought not to be deprived of a hearing in this court in this cause on account of the neglect of said county clerk; and she prays that said motion be overruled."

The lower District Court having taken this matter under advisement, on the 16th day of February, 1895, decided that the motion to dismiss should be sustained, and the appeal was dismissed, to which judgment the appellant administratrix gave at the time notice of appeal to this court.

It is contended by appellant by appropriate assignments of error that the court erred in its findings of law that appellant had lost her right of appeal by her failure to file the transcript in the District Court, because it was the clerk's duty to file the transcript in the District Court, and his failure to do so in the time required by law does not defeat the jurisdiction of the District Court; and that the court erred in finding as law that the District Court loses its jurisdiction of the cause unless the transcript be filed as required by law, as the jurisdiction is not affected by the time of filing the transcript in the District Court, and the court erred in dismissing the appeal after finding that the failure to file the transcript in time was the fault of the county clerk and not the fault of the appellant.

We cannot agree with appellant that the court erred as stated.

It is true the statute makes it the duty of the county clerk "to immediately make out a certified transcript of the papers and proceedings relating to the decision, order, judgment or decree appealed from, together with such decision, order, judgment or decree, and transmit the same to the clerk of the District Court on or before the first day of the next term of such court. Rev. Stats., art. 2204.

This becomes the duty of the county clerk immediately after the expiration of fifteen days from the date of the judgment or decree, and the notice of appeal, as no bond is required of an administrator in appealing in such case. Id. 2201. But if there should not be time in which the clerk could make out the transcript before the next day of the next term of the District Court of the county after such appeal is taken there, it is made the duty of the clerk to transmit the transcript to the next succeeding term of such District Court. Rev. Stats., art. 2205.

The question before us is not one of jurisdiction in the District Court of the appeal, but one whether the District Court erred in dismissing the appeal for failure to prosecute the appeal with diligence required by statute. Now we think that while it was the duty of the clerk to make out and transmit the transcript to the District Court, it was the duty of the appellant to see that he performed this duty in the time required by law, at least in a reasonable time after the appeal was taken. It was the duty of appellant to use reasonable diligence to have her case prepared for appeal and filed in the District Court; that the clerk of the County court having failed in his duty to transmit the transcript to the first term of the District Court after the appeal was taken, it became the duty of appellant to compel him to do so by mandamus. There was failure in this for over two years after it might have been done, and such failure might have been properly held, as it was by the lower court, as good ground for dismissing the appeal for failure to prosecute in time required by law. Four terms of the District Court intervened before the transcript was filed in the District Court, the law requiring it to be done to the first term after appeal, or to the second term.

We look to the analogies in cases appealed to the Supreme Court for the rule to govern the District Court in dismissing an appeal from another court, and we find that a failure to comply with the law and rules prescribed for appealing a case is ground for dismissing the appeal unless good cause be shown why it was not done. Shanks v. Carroll, 50 Texas, 18; Brock v. Jarman, 1 Texas, 201; Muller v. Boone, 63 Texas, 94.

The court below was not in error, in our opinion, in considering the excuse offered by appellant for not requiring the clerk by mandamus to make out and transmit the transcript insufficient. He had failed to do so, and it is apparent appellant could not have safely relied upon his promises. In the case of Ball, Hutchings & Co. v. Lowell, 56 Texas, 582, it was held that there was no error in refusing to dismiss an appeal to the District Court from the County Probate Court where the transcript was filed within a day or two after the time fixed for the meeting of the first term of the court after appeal, the statute, the same as that under

consideration, providing that if the clerk could not for want of time transmit the transcript to the first term, he could do so to the next succeeding term of the District Court after appeal. The court held that, though the excuse offered by the clerk may not have been altogether satisfactory, yet, under the circumstances, it should be deemed sufficient to prevent the prejudice which would result to appellants. (56 Texas, 582.) In the case before us there is no excuse offered for the delay of the clerk. But if there were, the time of delay was too long. In the case of Kahn v. Israelson, 62 Texas, 224; cited by appellant, it was held that where no bond was required, the jurisdiction of the District Court attached at once on notice of appeal, but in other respects the case furnishes us no analogy to the case before us.

We cannot say that the court erred in holding that the excuse offered for the long delay in taking the case up to the District Court after appeal was not satisfactory or sufficient, nor that the court erred in dismissing the appeal. The judgment is affirmed.

*Affirmed.*

Delivered December 18, 1895.