**ROWE et al. v. ROWE.    (No. 7238.)**

Court of Civil Appeals of Texas. Austin.
June 13, 1928.

Rehearing Denied July 5, 1928.

1. Courts ⬤⟜185—Where motion to dismiss was overruled and cause continued to next term for trial, it was error at next term to hear and sustain identical motion on same testimony (Rev. St. 1925, arts. 2013, 2166).

Where motion to dismiss appeal from county court was heard, overruled, and cause continued to next term for trial on its merits, it was error at next term to hear and sustain identical motion on same testimony and argument, since Rev. St. 1925, art. 2013, provides that pleas to jurisdiction, pleas in abatement, and other dilatory pleas shall be determined at term at which they are filed, and article 2166 provides that, when case is called for trial on issues of law arising on pleadings, all pleas in abatement and all other dilatory pleas remaining undisposed of shall be determined.

2. Courts ⬤⟜185—Diligence in prosecuting appeal from county court to district court is question of fact for district court.

Question of diligence in prosecuting appeal from county court to district court is question of fact for determination of district court.

3. Courts ⬤⟜185—Order denying motion to dismiss appeal should not be overturned at subsequent term, in absence of additional grounds.

Where motion to dismiss appeal from county court has been heard and determined at one term, it may not be heard at subsequent term, in absence of additional reasons authorizing court to reverse order theretofore entered after hearing on merits.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Suit by Thomas W. Rowe and others against Mary Elizabeth Rowe. From an order dismissing the appeal to the district court from the county court, the plaintiffs appeal. Reversed and remanded for trial upon the merits.

J. B. Talley, of Temple, and A. L. Curtis, of Belton, for appellants.

Jno. B. Daniel, of Temple, for appellee.

BAUGH, J. This suit was originally brought by appellants in the county court of Bell county, contesting the will of A. J. Rowe, deceased. Judgment was rendered against them in that court on April 7, 1925. Notice of appeal to the district court was given, and the court directed the clerk to prepare and transmit the transcript to the district court as provided by law. The appeal bond was filed and approved on April 9, 1925. For various reasons, not necessary to detail here, the record was not filed with the district clerk until February 24, 1927, or not until seven terms of the district court had been held after the filing and approval of the appeal bond in the county court. At the next term of the district court after same was filed appellee filed a motion to dismiss said appeal, setting up several grounds, chief of which was alleged failure of appellants to use diligence in perfecting their appeal to the district court. That court, after hearing testimony and argument on the motion to dismiss, overruled same on July 28, 1927, and because of the near approach of the end of the term continued said cause on its merits to the next term of court. At the next term the same motion was again considered, granted, and the case dismissed on November 7, 1927. From that order this appeal is prosecuted.

Two controlling contentions are made by appellants: (1) That the first action on said motion was res adjudicata; and, (2) that appellants did not use diligence in prosecuting their appeal from the county court to the district court.

[1] We sustain appellants' first proposition on the first contention, which is as follows:

"Appellee's motion to dismiss the appellants' appeal having been heard on July 28, 1927, on testimony and argument, the testimony being taken down by the official court stenographer, and the court having, by decree entered on record, overruled the motion and continued the cause to the next term for trial on its merits, it was error for the court, when the case was called for trial at such next term, to again hear the same identical motion on testimony and argu-

---

ment and to sustain the motion and dismiss the appeal; the appellees not having shown any special circumstances constituting an equitable showing for another hearing and the prior decree not having been set aside."

Article 2013, Revised Statutes 1925, provides:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Article 2166, Revised Statutes 1925, provides:

"When a case is called for trial, the issues of law arising on the pleadings, all pleas in abatement and other dilatory pleas remaining undisposed of shall be determined; and it shall be no cause for postponement of a trial of the issues of law that a party is not prepared to try the issues of fact."

These statutes manifest a purpose to expedite the transaction of the court's business, and to dispose of such pleas and motions as the one under consideration in this case at the first term of the court, regardless of whether the parties are prepared to try the case on its merits or not. Otherwise, if such preliminary matters are not promptly disposed of, when doing so would end the litigation, it would work injustice, expense, and loss of time to the court, to litigants, and inconvenience to witnesses to appear for trial and then have the case disposed of without the need of their being present. Aldridge v. Webb et al., 92 Tex. 122, 46 S. W. 224.

34 Corpus Juris, 765, states the general rule applicable in such cases as the one here involved as follows:

"The denial of a motion or petition for an incidental or interlocutory order in the progress of a cause will generally operate as a bar to its renewal in the same proceeding upon the same grounds, unless the action of the court was based on irregularities in the application or the insufficiency of the moving papers, or unless the court has vacated the prior order."

The Fort Worth Court of Civil Appeals, in Holmes v. Coalson, 178 S. W. 633, wherein a plea of privilege was involved, announces the following:

"The doctrine of res adjudicata is not strictly applicable to motions and interlocutory orders, but it seems to be pretty well settled that while the court has a discretionary power to allow a renewal of such motion, that discretion, in the absence of special circumstances constituting an equitable showing for another hearing, will not be exercised after the motion has been determined upon its merits. In the present case the second plea of privilege filed by the defendants presented no new matter nor special circumstance as a basis for an exercise of that discretionary power in the court to re-try the plea of privilege."

In Ry. Co. v. Harlan (Tex. Civ. App.) 62 S. W. 972, in which there was also under consideration a plea of privilege, the following language was used:

"A party is only entitled to one hearing upon a plea of this character, and, when the court has heard and determined the matter adversely to him, he is not entitled to reopen the matter after the expiration of the term at which it was heard, and by an amended plea again invoke the ruling of the court upon the same question, and then complain, on appeal, of a decision upon it adversely to him. If this were permissible, the statute requiring dilatory pleas to be heard at the term they are filed would be nugatory."

It is true that in these cases the question of venue, which has been regulated largely in detail by other specific statutes on that subject, were involved; yet it is apparent that articles 2013 and 2166, above quoted, deal with and place all such pleas, for the purposes here under consideration, in the same category; and we see no good reason why there should be any differentiation between these dilatory pleas when involved in the manner here raised.

In the instant case the order of the trial court of July 28, 1927, overruling appellee's motion to dismiss, recited that testimony was heard and full consideration given it. The next instrument in the transcript is an order of the same court sustaining appellee's motion and dismissing the case. Nowhere does the record disclose that any new motion was filed, any additional grounds set up for a second hearing which were not before the court on the first hearing, and no reason whatever shown why the court again considered the motion and reversed its action. If this procedure is permitted, we see no good reason why, prior to a trial upon the merits, or the continuation of the case from term to term, a third hearing might not be had as well as the second. We think, therefore, that it is a salutary rule which requires a new showing, setting up equitable grounds or additional reasons in order to authorize the trial court to reverse its judgment theretofore entered after a hearing upon the merits of such a motion.

[2, 3] The question of diligence in prosecuting the appeal from the county court to the district court is a question of fact for the determination of the district court. Stewart v. Moore (Tex. Com. App.) 291 S. W. 886. The record in this case discloses conflicting evidence on this question. It cannot, therefore, he said as a matter of law that the trial court should have found the appellants guilty of negligence in the prosecution of their appeal. If the trial court in overruling the motion on July 28, 1927, had as a matter of law been in error, or had as an undisputed matter of fact been in error, we think that it would have been proper to set that action aside at its subsequent term and correct the error so commit-

ted. But where the original decree was rendered upon an issue of fact, after hearing the evidence, we think the better rule is that such order should not be overturned at a subsequent term of the court, in the absence of an equitable showing authorizing it. No such showing is disclosed in the record before us.

Under this view of the case it becomes unnecessary for us to consider the question of whether or not appellants exercised due diligence in the prosecution of the appeal from the county court to the district court.

For the reasons stated, judgment of the trial court is reversed, and the cause remanded for trial upon the merits.

Reversed and remanded.