## In re RITCHIE'S ESTATE.
### No. 10614.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 1, 1939.

Rehearing Denied Nov. 29, 1939.

Joe Briscoe, of Devine, and William E. Remy and Jane Lewis Maverick, both of San Antonio, for appellants.

Swearingen & Miller and Perry Sayles, all of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from an order of the District Court probating a purported codicil to the will of Mrs. Lottie M. Ritchie, a widow, now deceased, which had been previously admitted to probate.

On August 1, 1927, before she executed her will or any codicil thereto, the testatrix sold and conveyed to the proponent, Mrs. Annie J. Lee, a lot situate in the City of San Antonio. A copy of that conveyance is not shown in the record, but it does appear by piece-meal here and there in the record that the property was sold to Mrs. Lee for a consideration of $2,800, evidenced by her promissory note payable in monthly installments, a substantial portion of which was shown to have been paid by proponent prior to the death of the testatrix, who had not transferred the note or lien. The note was secured by a deed of trust lien.

Thereafter, on June 17, 1932, the testatrix executed her will in which she devised to the two contestants, appellants herein, all the residue of her estate remaining after payment of certain special bequests. The note and lien constituted a part of the residue and was inventoried as such. On October 4, 1933, the testatrix executed the purported codicil here in controversy, and thereafter, on October 5, 1934, she executed a second and admittedly valid codicil, which was probated with the original will, but which does not affect the questions raised in this appeal.

The testatrix died on December 31, 1934, and the original will and admittedly effective codicil were admitted to probate on January 22, 1935.

Two years later, on January 25, 1937, appellee, Mrs. Lee, a nominal beneficiary under the original will, filed her application in the probate court for probate of the purported codicil executed on October 4, 1933 and here in controversy. The application was contested by Lottie Grace Adams and her co-residuary legatee, appellants herein. That application was denied in the probate court, but, on appeal by Mrs. Lee, was sustained in the district court, and the instrument was ordered probated as a part of the decedent's will. Lottie Grace Adams and her co-legatee have appealed. They will be designated herein as contestants, and Mrs. Lee as proponent.

The record shows that the order denying the probate of the codicil was rendered and entered in the minutes of the probate court on May 9, 1938, but the transcript of the record from the probate court was not filed in the district court until October 26th. Under this state of facts contestants moved to dismiss the appeal from the district court upon the ground that proponent had not filed, in the district court, the transcript of the record of the probate court within the time prescribed in Arts. 3701 and 3702, which provide:

"Art. 3701. *Appeal on affidavit.*—Where the party who desires to appeal is unable to give the appeal bond, it shall be sufficient if he file with the county clerk, within the time prescribed for giving such bond, an affidavit that he has made diligent efforts to give such bond and is unable to do so by reason of his poverty, and such affidavit shall operate a perfection of the appeal in respect to the matter of costs."

"Art. 3702. *Papers sent to district court.*—Upon such appeal bond or affidavit being filed with the county clerk, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from on or before the first day of the next term of such dis-

trict court, if possible, otherwise to the next succeeding term thereof, and the district clerk shall immediately file and docket the cause in the district court. * * *"

The facts are, in this connection, that "the first day of the next term of such district court" was August 15th, following the filing of proponent's affidavit in lieu of cost bond in the probate court on May 9th; the first day of the next succeeding term of the district court was October 3d, and as the transcript was filed during that term, it was returnable to the November term, which convened on the first Monday in that month. The result is, then, that the transcript of the record from the probate court was not filed with the district clerk on or before the first day of the next, or of the second, succeeding term of the district court after the filing of the affidavit in lieu of bond in the probate court. We are thus relegated to the question of whether the appeal should have been dismissed from the district court because of the admitted delay, beyond the time prescribed in Art. 3702, in filing the transcript from the probate court.

On the hearing of the motion to dismiss the clerk of the probate court and proponent's counsel testified to facts bearing on the issue of proponent's diligence in prosecuting the appeal, and upon that evidence the trial judge found, by necessary implication, that proponent had shown good cause for the delay.

■ Undoubtedly, the duty rests upon a party appealing from an order of the probate court to see to it that the clerk of that court timely prepares and forwards the record to the district court, and in a case where the clerk delays without good cause, or refuses, to perform that duty, the burden rests upon the party appealing to resort to mandamus, if necessary, to require the clerk to act. Davis v. American Freehold Land Mtg. Co., 12 Tex.Civ.App. 37, 33 S.W. 271; Hoefling v. Esser's Estate, Tex.Civ.App., 46 S.W. 294, writ refused; Newton v. Leal, Tex.Civ.App., 56 S.W. 209.

■ It is well settled, however, that when the probate clerk has failed to prepare the transcript and file it in the district court within the time prescribed in Art. 3702, the question of whether the appeal has been prosecuted with diligence is for the determination of the district court, which acquires jurisdiction of the cause upon the filing, in the probate court, of the appeal bond, or, as in this case, the affidavit

of inability. 13 Tex.Jur. p. 648, § 62; Ball v. Lowell, 56 Tex. 579; Stewart v. Moore, Tex.Com.App., 291 S.W. 886; Rowe v. Rowe, Tex.Civ.App., 8 S.W.2d 228. The question of diligence was raised by the evidence in this case, and we cannot say the trial judge abused his discretion in his ruling thereon. We overrule contestants' first and second propositions. It becomes necessary, then, to consider the appeal on its merits.

The instrument ordered probated as a valid codicil to the original will is as follows:

"Copy. San Antonio, Tex. Oct. 4, 1935.

"I sold to Mrs. Annie J. Lee, lot A. 7, Block 11, N. C. B. 45, house No. 316 So. Pine St., San Antonio, Texas, and she executed and delivered to me her note for (2,800.00) two thousand eight hundred dollars payable in monthly installments of $25.00 or more (when she possibly can) per month, including interest. The note and deed dated Aug. first, 1927. After my death if there is any balance due on this note, and Mrs. Lee is not able to make payment as they come due she is not to be dispossessed of the property. If Mrs. Lee has not paid the note in full, upon her death, the property is to become part of my estate. Lottie M. Ritchie."

■ It is the contention of proponent, as ground for probate of the purported codicil, that the instrument should be given effect as a devise to proponent of the right of possession of said city lot so long as, during her life time, she may be financially unable to pay the installments on said note as they accrue, notwithstanding the lien retained against the lot by the testatrix as security for the note executed by proponent as the consideration for the lot. It is conceded that the note and lien constituted a part of the residue of the estate devised to contestants, unless that devise was revoked by the purported codicil. We are of the opinion that the contention is without merit. The original will is admittedly clear and positive in its terms. It is certain, too, that the note and lien constituted a part of the residue of the estate passing under the will to contestants, and were inventoried as such. The purported codicil is vague, and in no sense positive in its terms. It does not refer to the original will or any provision thereof, as did the genuine codicil executed a year after this instrument, in which a specific bequest in the will was diverted to a different bene-

ficiary. It contains no expression, even by necessary implication, of any intention to revoke any provision of the will. In it the testatrix does not purport to cancel the note, or any part of it, or to release the lien given to secure its payment. On the contrary, it reaffirms the status of the note as a part of the residue of the estate by expressly providing that if it be not paid in full before proponent's death "it is to become a part of my estate." At most, if probated as a codicil, it was not mandatory, but precatory, only, for in it the testatrix simply expresses the wish that the holders of the note—in this instance the contestants —do not press payment, but indulge delays of payment, if it should occur that the maker is unable to pay the installments on the note as they mature. We conclude that the instrument cannot be given effect as a valid codicil for the purpose of excluding the note from the residue of the estate and thereby and to that extent revoking the devise of the whole residue to contestants, since the instrument, if a codicil, could have no other effect. We hold, therefore, that the trial court erred in ordering the probate of said instrument as a valid codicil to the will. Laborde v. First State Bank & Trust Co., Tex.Civ. App., 101 S.W.2d 389, writ refused; Redmond v. Redmond, Tex.Civ.App., 127 S.W. 2d 309, writ refused.

The judgment will be reversed, and judgment here rendered denying the probate of the instrument, and as so rendered this judgment will be certified to the district court for observance.