**HOHMANN v. LANGEHENNIG et al.**
No. 4093.

Court of Civil Appeals of Texas. El Paso.
June 5, 1941.

Rehearing Denied Sept. 18, 1941.

Alex Jung, of Fredericksburg, and N. T. Stubbs, of Johnson City, for appellant.

Robert I. Wilson, of Kerrville, Roscoe Runge, of Mason, and Arthur Stehling, of Fredericksburg, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Gillespie County in a case appealed from the County Court of that county. The judgment ordered probated as a part of the last will and testament of William Hohmann, deceased, a writing dated September 25, 1933, hereinafter set forth in full. Respondent, Janie Hohmann, the surviving wife of the de-

ceased Hohmann, excepted to the judgment rendered and perfected this appeal.

The proponents are all daughters of the respondent and deceased, and are joined herein by their respective husbands.

A recitation of the pertinent facts involved herein will aid in an understanding of the issues involved.

William Hohmann died on the 27th day of October, 1933; on the 11th day of November, 1933, application was filed in the County Court of Gillespie County for the probate of his will. This application was granted and said will duly probated. This will was dated the 11th day of June, 1931. The will gave all of the property to respondent Janie Hohmann in fee simple. There was this clause therein: "With full power and authority to manage, sell, or dispose of the same as she may wish or see proper, sales or conveyances of real estate, however, to be made with the joinder of my executor hereinafter named and appointed." Henry Hohmann, testator's son, was named as independent executor of the will. The executor named qualified as such, and administration was had on the estate in accordance with the will.

On July 13, 1939, proponents filed in the County Court of Gillespie County application for the probate of the instrument in question here. This instrument is as follows:

"The State of Texas }
County of Gillespie }

"Whereas, we Wm. V. Hohmann and Janie Hohmann, of the county and state aforesaid, have each respectively heretofore made our last will and testament, and which are and shall be and remain in full force and effect as heretofore executed, but being desirous of expressing respectively to each other our respective wish and desire as to how and in what manner the survivor of us shall manage or be guided in making the final distribution of our estate and property which we have accumulated and is now belonging to and enjoyed by us, we do by this indenture express that is our wish and desire that the survivor dispose of our property as nearly as possible, according to circumstances and conditions, as follows, to-wit:

"1st: It is our wish that the survivor of us shall have and provide for himself or herself, as case may be, a decent and comfortable living, as has been the custom during our married life.

"2nd: It is our wish and desire that all of our debts of whatever kind and character, and whether existing upon or against land, real estate, personal property, or any other property, and or upon open accounts, and however created and existing, shall first be paid out of any property that may be remaining at the time of our respective deaths.

"3rd: Our sons Walmar B. Hohmann and Carl Hohmann, having each respectively heretofore and during our respective life time, received their full and share portion of our estate, it is our wish and desire that they do not have any further share in the distribution of any part of our estate, unless or until each of our other children shall have each respectively received an equal and like share and portion of that which they, the said W. B. Hohmann and C. Hohmann, have heretofore received; and should our property, after paying all debts as heretofore expressed and recited, and the other amounts hereinafter stated to be paid, not be worth an amount to allow this, they, the said Walmar B. Hohmann and Carl Hohmann, shall not have any further share whatsoever. Should our property be valued in excess of such an amount, then and then only, shall the said Walmar B. Hohmann and Carl Hohmann share equally with the others in the excess value thereof. It being our wish to treat all our children alike.

"4th: Our daughters, Alma Langehennig, wife of Alonzo Langehennig; Lillie Langehennig, wife of Richard Langehennig; Louise Stehling, wife of Adolph Stehling, and Laura Kolmeier, wife of Edgar Kolmeier, having each respectively heretofore received at the time of their marriages, in money or otherwise an amount equal to Six Hundred Dollars; and it is our wish and desire that the survivor of us, and if not the survivor, then our sons Henry Hohmann and Rudolph Hohmann, shall pay to each of them an additional sum of Six Hundred Dollars out of our estate, so that their respective shares and portions shall each amount to Twelve Hundred Dollars.

"5th: It is our wish and desire that our sons Henry Hohmann and Rudolph Hohmann shall have and receive all of our ranch property located in Gillespie and Llano Counties; that they shall pay all debts due by us or either of us, whether existing against or upon land or otherwise;

that they shall also pay out of this property the sums recited in the foregoing paragraph payable to our four daughters therein named; and shall also in addition thereto pay to our daughters Augusta Hohmann, Dora Hohmann, and Elise Hohmann, the sum of Twelve Hundred Dollars respectively, (one-half of said sums being payable at the time of their respective marriages in money or other property as has been usual and customary, and the other half at such time or times as circumstances will permit), so that these three daughters shall each receive as much as each of the four daughters heretofore mentioned in the foregoing paragraph.

"6th: The survivor of us may have, hold, use and enjoy for himself or herself, and during his or her natural life time, our homestead in the town of Fredericksburg, Gillespie County, Texas, and may dispose of same as may be deemed necessary, proper or advisable to him or her, according to wish or desire.

"The above and foregoing expresses and stipulates, and is taken as a guidance as to how the survivor of us may proceed to distribute or dispose of our estate remaining after the first one of us has passed away, and is to be effective in so far as circumstances and conditions allow the execution thereof by the survivor, and as herein expressed and desired.

"In Witness Whereof we have hereunto signed our names on this the 25th day of September, A.D.1933, in the presence of Edgar Marschall and Albert E. Klett, who attest the same as witnesses.

"Wm. V. Hohmann,
"Janie Hohmann.

"Witnesses: Edgar Marschall
"Albert E. Klett."

The County Court refused the probate of the instrument. On appeal the District Court ordered same probated as a codicil to the last will and testament of William Hohmann, and certified the judgment to the County Court for observance.

Appellant urges four points under her various assignments of error, all briefed jointly. These points urge briefly and succinctly that the instrument probated in this proceeding intrinsically shows that it was not intended as a codicil to the will of June 11, 1931, nor intended to revoke, modify or affect that will. In short, that the instrument in question was neither a will nor testamentary in character.

The instrument sought to be probated does not purport to be a complete will or the entire revocation of an annulment of a prior will. If testamentary in character, it is a codicil. A codicil is a republication of a prior will, the prior will, as modified by the codicil, constituting the final disposition of the property and rights to property of the testator. The will speaks from the date of the codicil. Campbell v. Barrera, Tex.Civ.App., 32 S.W. 724. Undisputedly the instrument in question was executed with all of the formalities requisite to the execution of a valid will or codicil. Problems of construction of the instrument are not involved further than is required to determine whether the instrument was intended to effect the disposition of the property of William Hohmann after his death. Construction is involved to this extent. In this limited construction the existing facts and circumstances must be considered as well as the terms of the alleged codicil and the terms of the prior will.

Now whether or not this instrument was intended by William Hohmann as a limitation on the unqualified gift in the former will and amounts to such at law, or was a mere declaration of a wish or recommendation, the dominant idea thereof was that if the wife survived him, the property vesting in her under his will and her property be devoted to carrying out the intention or recommendation therein expressed. In short, that the property vesting under his will in his wife, if she survived, as well as her other property, be so jointly used. This is evidenced by the fact that his wife joined in the execution of the instrument, likewise by the very terms of the instrument in question. It likewise appears from the recitals of the instrument that Mr. and Mrs. Hohmann had each executed a will, whether in like terms does not appear from the record.

In our opinion, the determining question herein is whether, by this instrument, William Hohmann intended, as to the property, to create a trust, or was simply making an unbinding recommendation to his wife as to how their joint property should be disposed of when his interest therein became vested in her by his death and the probate of his will.

It is clear that he had not the power to make a binding disposition of her interest in the property, whether in trust or otherwise. She, likewise, was without this pow-

er as to his property. A will, and also a codicil, affects property or rights to property upon the death of the testator. Williams v. Noland, 10 Tex.Civ.App. 629, 32 S.W. 328; Barnes v. Horne, Tex.Civ.App., 233 S.W. 859; Page v. Barnes, Tex.Civ. App., 258 S.W. 264.

 In order to admit a writing to probate it must appear that the instrument is testamentary in character. Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244; Hammett v. Farrar, Tex.Com.App., 29 S. W.2d 949.

 Article 8285, R.S.1925, prescribes the necessary steps to be taken to cancel a prior will. By the terms of this article a will may be cancelled by a subsequent codicil. A codicil, however, does not ordinarily entirely revoke a will. Ordinarily it may revoke or modify provisions of a prior will. In order for a subsequent writing in the nature of a codicil to have the effect of modifying a prior will it must appear from the instrument that such was the intent thereof. The intent to modify the prior will must be as clearly expressed as the intent expressed in the original will. If the instrument asserted to be a codicil fails to express such intent with that degree of certainty, it does not affect the provisions of the prior will. Watson v. Lindsley, Tex.Civ.App., 2 S.W.2d 339; Brackenridge v. Roberts, supra; Laborde v. First State Bank, Tex.Civ.App., 101 S. W.2d 389; Redmond v. Redmond, Tex.Civ. App., 127 S.W.2d 309; In re Ritchie's Estate, Tex.Civ.App., 133 S.W.2d 591.

If the instrument asserted by proponents is a codicil, it effects a radical change in the testator's property upon his death from the probated will of June 11, 1931. Its effect is to change an unqualified gift into a holding in trust, save, perhaps, as to the homestead in the City of Fredericksburg.

Turning to the instrument itself, the opening paragraph disclaims an intention to affect the pre-existing will. Manifested there is the intention that the writing be simply a written declaration of mutual desire of testator and his wife as to how the property should be disposed of when vested in the survivor. The instrument taken as a whole does not provide when or how the survivor shall make the disposition of the joint property to effect the equal distribution therein mentioned. We take it that it might be made by will or conveyance during the lifetime of the survivor.

If the instrument contemplated a trust, it was an active trust, an active trust as to property half of which was not vested in its creator.

 Property given in trust creates a legal obligation on the part of the trustee relative to same. Property left in confidence that the donee will carry out the ideas of the donor is not necessarily held in trust.

 Clearly, some purpose was in the mind of William Hohmann when he executed the instrument sought to be probated here. Considering the instrument as a whole, in our opinion, the intention was to reaffirm his prior will as made, to express his already expressed confidence in his wife to deal justly with the children with respect to the joint property, afford her a moral basis as to future dealings with the property as to the children, to express to her what he deemed a just disposition thereof, at the same time leave her legally untrammeled in carrying out this expressed desire. All the sanction desired by either was the conscience of the survivor. An accord as to what was just for the survivor to do is evidenced by the instrument. No contract binding on the survivor so to do is evidenced. Aniol v. Aniol, 127 Tex. 576, 94 S.W.2d 425.

 We think it fair to assume that this property was community property. It is undisputed that in the marriage relation subsisting between respondent and deceased they were possessed of considerable joint property. There was every reason to suppose that upon their death this property would go to their children. Likewise it is fair to assume that the deceased and respondent reposed trust and confidence the one in the other.

In our opinion the intention expressed in the instrument sought to be probated is not to either revoke or modify his prior will. It was a mere written declaration of suggestion or desire, and it was not intended that same in any way alter the disposition of the property made in the prior will.

It is ordered that the judgment of the District Court be reversed and here rendered denying the instrument in question to probate, and that such judgment be certified to the County Court of Gillespie County for observance.