ALMA LANGEHENNIG ET AL V. JANIE HOHMANN.

No. 7918. Decided June 17, 1942.
Rehearing overruled July 15, 1942.
(163 S. W., 2d Series, 402.)

453

*R. I. Wilson,* of Kerrville, *Roscoe Runge,* of Mason, and *Arthur Stehling,* of Fredericksburg, for plaintiffs in error.

The Court of Civil Appeals erred in holding that the language used consisted of precatory words rather than words of testamentary disposition and mandatory directions. Clements v. Maury, 110 S. W. 185; Combs v. Howard, 131 S. W. (2d) 206; Brown v. Burke, 26 S. W. (2d) 415.

*N. T. Stubbs,* of Johnson City, and *Alex Jung,* of Fredericksburg, for defendant in error.

It was not error for the Court of Civil Appeals to hold that the words "wish and desire" were not necessarily testamentory and mandatory, and that their meaning as gathered from the entire instrument were advisory only. Brackenridge v. Roberts, 114 Texas 418, 267 S. W. 244; 270 S. W. 1001; Watson v. Lindsley, 2 S. W. (2d) 339; Redmond v. Redmond, 127 S. W. (2d) 309.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

We adopt the following clear statement of the history and nature of the case made in the opinion of the Court of Civil Appeals:

"This is an appeal from the judgment of the District Court of Gillespie County in a case appealed from the County Court

of that county. The judgment ordered probated as a part of the last will and testament of William Hohmann, deceased, a writing dated September 25, 1933, hereinafter set forth in full. Respondent, Janie Hohmann, the surviving wife of the deceased Hohmann, excepted to the judgment rendered and perfected this appeal.

The proponents are all daughters of the respondent and deceased, and are joined herein by their respective husbands.

"A recitation of the pertinent facts involved herein will aid in an understanding of the issues involved.

"William Hohmann died on the 27th day of October, 1933; on the 11th day of November, 1933, application was filed in the County Court of Gillespie County for the probate of his will. This application was granted and said will duly probated. This will was dated the 11th day of June, 1931. The will gave all of the property to respondent Janie Hohmann in fee simple. There was this clause therein: 'With full power and authority to manage, sell, or dispose of the same as she may wish or see proper, sales or conveyances of real estate, however, to be made with the joinder of the executor hereinafter named and appointed.' Henry Hohmann, testator's son, was named as independent executor of the will. The executor named qualified as such, and administration was had on the estate in accordance with the will.

"On July 13, 1939, proponents filed in the County Court of Gillespie County application for the probate of the instrument in question here. This instrument is as follows:

" 'THE STATE OF TEXAS )
" 'COUNTY OF GILLESPIE)

" 'WHEREAS, we Wm. V. Hohmann and Janie Hohmann, of the county and state aforesaid, have each respectively heretofore made our last will and testament, and which are and shall be and remain in full force and effect as heretofore executed, but being desirous of expressing respectively to each other our respective wish and desire as to how and in what manner the survivor of us shall manage or be guided in making the final distribution of our estate and property which we have accumulated and is now belonging to and enjoyed by us, we do by this indenture express that is our wish and desire that

the survivor dispose of our property as nearly as possible, according to circumstances and conditions, as follows, to-wit:

" ' 1st: It is our wish that the survivor of us shall have and provide for himself or herself, as case may be, a decent and comfortable living, as has been the custom during our married life.

" '2nd: It is our wish and desire that all of our debts of whatever kind and character, and whether existing upon or against land, real estate, personal property, or any other property, and or upon open accounts, and however created and existing, shall first be paid out of any property that may be remaining at the time of our respective deaths.

" '3rd: Our sons Walmar B. Hohmann and Carl Hohmann, having each respectively heretofore and during our respective life time, received their full and share portion of our estate, it is our wish and desire that they do not have any further share in the distribution of any part of our estate, unless or until each of our other children shall have each respectively received an equal and like share and portion of that which they, the said W. B. Hohmann and C. Hohmann, have heretofore received; and should our property, after paying all debts as heretofore expressed and recited, and the other amounts hereinafter stated to be paid, not be worth an amount to allow this, they, the said Walmar B. Hohmann and Carl Hohmann, shall not have any further share whatsoever. Should our property be valued in excess of such an amount, then and then only, shall the said Walmar B. Hohmann and Carl Hohmann share equally with the others in the excess value thereof. It being our wish to treat all our children alike.

" '4th: Our daughters, Alma Langehennig, wife of Alonzo Langehennig; Lillie Langhennig, wife of Richard Langehennig; Louise Stehling, wife of Adolph Stehling, and Laura Kolmeier, wife of Edgar Kolmeier, having each respectively heretofore received at the time of their marriages, in money or otherwise an amount equal to six Hundred Dollars; and it is our wish and desire that the survivor of us, and if not the survivor, then our sons Henry Hohmann and Rudolph Hohmann, shall pay to each of them an additional sum of Six Hundred Dollars out of our estate, so that their respective shares and portions shall each amount to Twelve Hundred Dollars.

" '5th: It is our wish and desire that our sons Henry Hohmann and Rudolph Hohmann shall have and receive all of our ranch property located in Gillespie and Llano Counties; that they shall pay all debts due by us or either of us, whether existing against or upon land or otherwise; that they shall also pay out of this property the sums recited in the foregoing paragraph payable to our four daughters therein named; and shall also in addition thereto pay to our daughters Augusta Hohmann, Dora Hohmann, and Elise Hohmann, the sum of Twelve Hundred Dollars respectively, (one-half of said sums being payable at the time of their respective marriages in money or other property as has been usual and customary, and the other half at such time or times as circumstances will permit), so that these three daughters shall each receive as much as each of the four daughters heretofore mentioned in the foregoing paragraph.

" '6th: The survivor of us may have, hold, use and enjoy for himself or herself, and during his or her natural life time, our homestead in the town of Fredericksburg, Gillespie County, Texas, and may dispose of same as may be deemed necessary, proper or advisable to him or her, according to wish or desire.

" 'The above and foregoing expresses and stipulates, and is taken as a guidance as to how the survivor of us may proceed to distribute or dispose of our estate remaining after the first one of us has passed away, and is to be effective in so far as circumstances and conditions allow the execution thereof by the survivor, and as herein expressed and desired.

" 'IN WITNESS WHEREOF we have hereunto signed our names on this the 25th day of September, A. D. 1933, in the presence of Edgar Marschall and Albert E. Klett, who attest the same as witnesses.

Wm. V. Hohmann,<br>Janie Hohmann.

" 'Witnesses: Edgar Marschall
    Albert E. Klett.'

"The County Court refused the probate of the instrument. On appeal the District ordered same probated as a codicil to the last will and testament of William Hohmann, and certified the judgment to the County Court for observance."

The Court of Civil Appeals reversed the judgment of the district court and rendered judgment that the application to

probate the instrument be denied and ordered that its judgment be certified to the county court of Gillespie County for observance. 153 S. W. (2d) 1011. The conclusion of the Court of Civil Appeals finally expressed in its careful and able opinion by Chief Justice Price is as follows:

"In our opinion the intention expressed in the instrument sought to be probated is not to either revoke or modify his prior will. It was a mere written declaration of suggestion or desire, and it was not intended that same in any way alter the disposition of the property made in the prior will."

The writ was granted on an assignment of error that "The Court of Civil Appeals erred by incorrectly construing the instrument offered for probate in holding that the language used consists of precatory words rather than words of testamentary disposition and mandatory directions." It is our opinion however, after careful consideration of the record and the briefs that the conclusion reached by the Court of Civil Appeals and its judgment are not erroneous but correct.

■ The general rule is that it is not the province of the court to construe a will in a proceeding for its probate. If the proof required by Article 3348, Revised Civil Statutes of 1925, is made, the will should be admitted to probate, leaving for determination in a separate and independent action questions as to what property is affected by the will and what disposition shall be made of the property. Clements v. Maury, 110 S. W. 185 (application for writ of error refused); Harris v. Harris' Estate, 276 S. W. 964; Brown v. Burke, 26 S. W. (2d) 415; McNaley v. Sealy, 122 S. W. (2d) 330; Combs v. Howard, 131 S. W. (2d) 206. However, the general rule above stated assumes that the instrument offered is a will or a writing testamentary in character. The court has the authority in a proceeding for probate, and it is its duty, to decide whether the instrument offered is or is not testamentary. If it is not of that character it cannot be admitted to probate. Hammett v. Farrar, (Com. App.), 29 S. W. (2d) 949; Redmond v. Redmond, 127 S. W. (2d) 309 (application for writ of error refused). Before a writing can be probated the court must determine the issue: Is this the will of the testator? Combs v. Howard, 131 S. W. (2d) 206. The inquiry embraces the question whether the will has been revoked. Taylor v. Martin's Estate, 117 Texas 302, 311, 3 S. W. (2d) 408; Brown v. Burke, 26 S. W. (2d) 415, 416.

■ It is held further that an instrument is not a will, regardless of its correctness in form, unless the maker intended it to be a testamentary disposition of his property; that an instrument cannot be given the legal effect either of a will or of a revocation of a former will unless it was written and signed with the intention to make it a will or a revocation; and that testamentary intent on the part of the maker is a proper issue for determination in a proceeding to probate or in a contest of an application to probate. Shields v. Shields, 109 S. W. (2d) 1112; Brackenridge v. Roberts & McIntyre, 114 Texas 418, 432, 270 S. W. 1001; Redmond v. Redmond, 127 S. W. (2d) 309, (application for writ of error refused).

Since testamentary intent is to be ascertained primarily from the writing, it follows that the court in this proceeding to probate must consider the terms and provisions of the instrument offered. The Court of Civil Appeals very correctly said: "Problems of construction of the instrument are not involved further than is required to determine whether the instrument was intended to effect the disposition of the property of William Hohmann after his death. Construction is involved to this extent. In this limited construction the existing facts and circumstances must be considered as well as the terms of the alleged codicil and the terms of the prior will." 153 S. W. (2d) 1011, 1013.

William Hohmann and his wife Janie Hohmann owned property, both real and personal, of considerable value. We may assume that it was community property. Speairs v. Ligon, 59 Texas 233. The husband died, leaving a will which was duly probated and by which he devised and bequeathed to his wife all of his property. After the will was made the husband and wife executed in the presence of attesting witnesses the instrument offered herein for probate. Its very first paragraph recites that the parties have heretofore made their last will and testament "and which are and shall be and remain in full force and effect as heretofore executed" but that the parties desire to express "to each other our respective *wish and desire* as to how and in what manner the survivor of us shall *manage or be guided* in making *the final distribution* of *our* estate and property which *we* have accumulated and is now belonging to *us* and enjoyed by *us*." (Our italics.)

Thereafter in several paragraphs, each of which uses the words "wish and desire," the parties express what they wish

the survivor to do in the management and disposition of "our estate." In the third paragraph the wish and desire is expressed that two of the sons shall not share in the distribution of "our estate" until each of the other children shall have received an equal and like portion that the said sons have received. The fourth paragraph states the wish and desire to be that each of the four married daughters, who have theretofore received the sum of $600.00, shall receive an additional sum "out of our estate" so that the share of each of them shall amount to $1200. In the fifth paragraph the wish and desire is expressed that two of the sons shall have and receive all of the ranch property and that out of it they shall pay all debts due by the makers of the instrument or either of them and shall then make the payments to the married daughters and shall also pay to the unmarried daughters $1200. The sixth paragraph provides that the survivor may have during his or her life the homestead in the town of Fredericksburg and may dispose of it "as may be deemed necessary, proper or advisable to him or her, according to wish and desire." The substance of the concluding paragraph is that what is expressed in the instrument is to be taken as a guidance to the survivor for the distribution and disposition of "our estate" remaining after the first has passed away and is to be effective in so far as circumstances allow, "and as herein expressed and desired."

■ The careful insertion of the words "wish" and "desire" in every paragraph clearly manifests and emphasizes the intention of the parties that the instrument is not to be taken or considered as a mandatory disposition of their property. These words in their ordinary and primary meaning are precatory. They are often construed as mandatory when used in an instrument admittedly a will or when it appears from the context or from the entire document that they are the expression of the testator's intention in making disposition of his property. McMurry v. Stanley, 69 Texas 227, 6 S. W. 412; Drinkard v. Hughes, 32 S. W. (2d) 935; Brannon v. Morgan, 106 S. W. (2d) 841; Page's The Law of Wills, (3d Ed.) Vol. 1, pp. 199-203, Sec. 91. The instrument executed by Hohmann and wife does not purport to be their last will and testament. As its very beginning it refers to the wills formerly made and declares that they shall remain in full force and effect. There is nothing in the context to induce the conclusion that the words "wish" and "desire" are used in a mandatory sense. The writing considered as a whole is an expression of the wishes of the husband and wife, not of their will; is for the guidance, but not

for control or restraint, of the survivor in the final distribution and disposition of what may remain of the community estate after one has died; and is not intended by either party to control the disposition at his or her death of his or her portion of the community property.

That this is the true meaning of the instrument is evidenced also by the declaration in mandatory language that the wills already made shall remain in full force and effect as executed. The will of William Hohmann could not remain in full force and effect if the later writing had been intended as a codicil, for the codicil would modify the will or revoke it in part by bequeathing to the children, either by direct bequest or by the creation of a trust in their favor, a part of his property, all of which had been willed to his wife. Thus the writing, if construed as testamentary, would be contradictory in its own provisions. When it is construed as an instrument of recommendation or advice it is not contradictory of itself and all of its provisions are given effect.

■ William Hohmann could not make testamentary disposition of the half of the community property that belonged to his wife and an intention to dispose of what he did not own is not to be imputed to him. Spears v. Ligon, 59 Texas 233. The writing expresses the wish and desire that two of the sons have and receive the ranch property, the entire interest in it, and that out of that property payments be made to the daughters. Statements in the first and last paragraphs make all of the terms of the instrument applicable to the whole of the community property. If William Hohmann had intended this writing to be testamentary, to control the disposition of his property, he would have made bequests out of his part of the community estate and would not have expressed his wish as to what distribution should be made by his wife of the estate which he and his wife had accumulated and which belonged to them.

■ For the foregoing reasons, which are substantially the same as those given by the Court of Civil Appeals for its decision, it is our opinion that the instrument offered for probate is neither a will nor a codicil and that it should not be admitted to probate.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court June 17, 1942.

Rehearing overruled July 15, 1942.