Dorothy Anne Conrads JONES, Appellant,

v.

Ida Walther IVES et al., Appellees.

No. 14930.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 13, 1971.

Rehearing Denied Feb. 10, 1971.

Svanas & Svanas, Odessa, for appellant.

Sims & Sims, Jack B. Sims, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, a granddaughter of Annie E. Elzner, deceased, has appealed from an order of the 150th District Court admitting to probate, as the last will and testament of deceased, a holographic instrument offered by appellees, Ida Walther Ives and Walther John Ives, the sister and nephew of deceased. The order also declared appellant to be the sole heir at law of deceased. Trial was had to a jury, but the only issues submitted were issues relating to the execution of the instrument. Appellant has perfected this appeal without a statement of facts and complains of that part of the judgment admitting such instrument to probate.

We must consider at the outset appellant's proposition that the question of whether such instrument should be admitted to probate was not properly before the district court. In doing so, it is necessary to review the somewhat unusual procedural background of this case. Annie E. Elzner died in San Antonio on December 22, 1964, at the age of 85 years. On January 22, 1968, appellant filed an application in the Bexar County Court to declare the heirship of deceased. Appellees filed an answer to this action, which contained an application to probate the tendered instrument as the last will and testament of deceased. Appellant contested this application wherein she asserted that such instrument was not a will, and also urged a lack of testamentary capacity as well as undue influence by appellees. Trial was had and an order was subsequently entered admitting such will to probate. No ruling was made with reference to the uncontradicted evidence that appellant was the sole heir at law of deceased.

Appeal was timely perfected by appellant from this order, and on October 25, 1968, the transcript of the above proceedings in the county court were filed by the District Clerk of Bexar County and docketed as cause number F–205, 426. On November 18, 1968, appellant filed in the same cause an instrument styled "Plaintiff's Original Petition" wherein it was alleged that she was appealing from the order admitting the will to probate, and appellant reasserted the contentions made in the probate court that the instrument should not be admitted to probate as the last will and testament of deceased. Appellant also reasserted that she was the sole heir at law of deceased and prayed for such a declaration. Appellees were cited and served with a copy of "Plaintiff's Original Petition." In response thereto, appellees filed only a general denial.

■ Appellant urges that since appellees did not file a new pleading in the district court affirmatively seeking to have the instrument admitted to probate, such issue was not before the district court. Section 28, Probate Code, Vernon's Annotated Civil Statutes, provides in part that any person who considers himself aggrieved by any decision, order, decree, or judgment of the probate court shall have the right to appeal therefrom to the district court of the county. The procedure prescribed by the Probate Code in Sections 28–29 and in Rules 332–335, Texas Rules of Civil Procedure, is, generally speaking, the only procedure that need be observed. It is seen that there is no provision in these sections or rules requiring either party to replead after the transcript is filed with the district clerk. To the contrary, by clear implication such is not required.

Rule 336, supra, requires the appealing party to file with the district clerk a transcript consisting of a true copy of the pertinent proceedings in the county court. Provision is made for the filing of original papers in the district court where appropriate. When the appeal to the district court is perfected, a trial de novo of the matter is required in that court under Rule 334, supra.

In Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959) the Supreme Court set aside a default judgment rendered by the district court against the proponent of a will, after the contestant had appealed from an adverse judgment of the probate court. In discussing the effect of the appeal to the district court, the Court said: "In that court the parties occupied the same positions they had occupied in the probate court—respondent as plaintiff and petitioners as defendants. Newton v. Newton, 61 Tex. 511, 513. Subject to the right of allowable amendment, the cause stood for trial on the pleadings in the transcript sent up from the probate court." See also Carpenter v. Tinney, 420 S.W.2d 241 (Tex.Civ.App.—Austin 1967, no writ); Gray v. Bird, 380 S.W.2d 908 (Tex.Civ. App.—Tyler 1964, writ ref'd n. r. e.).

Here appellant perfected an appeal to the district court from an order admitting

the holographic instrument to probate as the last will and testament of deceased. The transcript of proceedings filed in the district court contained the application of appellees to admit such instrument to probate, as well as appellant's contest of such application. It was not necessary for appellees to replead such application. Although it would have been preferable for appellees to have specifically adopted such application at the time of filing the general denial to "Plaintiff's Original Petition", wherein appellant reasserted her contest of such application, the record is clear that appellees had no intention of abandoning such prior application. The application to probate such instrument was apparently vigorously contested in the district court, in that five issues were submitted to the jury regarding execution of such instrument.[1] We conclude appellees' application to probate this holographic instrument was properly before the district court.

Appellant urges that in any event, such instrument was not a will as a matter of law; and, therefore, the court erred in admitting same to probate. The instrument which the jury found to have been wholly in the handwriting of deceased consists of two pages and reads as follows:

"San Antonio Texas
April 15 – 1962

The State of Texas,
County of Bexar

Know All Men By The Present.

That I Annie E. Elzner of the County and State afore said being of sound and disposing memory do hear by make my will and testament

I desire and direct that all of my just debts be paid out of my estate

It is my desire that all of my personal things go to my beloved Sister Ida Walther Ives or her Son Walther John Ives. San Antonio Savings Association First Federal Savings & Loan Association of San Antonio, And Stocks Keystone Custodian and Diversified Investments Fund and Delaware Punch Co and one Series K Bond $500.00

I want to try get every thing in order we never know what will happen. I only hope I will be able to leave some thing worth while. I don't want to be any expence or trouble to any one. Hope every thing works out fine

Your loving Sister
and A————
Annie E Elzner"

————◆————

Since appellant has appealed without a statement of facts, we do not have before us the circumstances relative to the making of such instrument. The sole question before us on this appeal is whether such instrument on its face establishes that it is not effective as a will. We are not, in this proceeding, concerned with a construction of such instrument, but solely with whether it is a will. Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402 (1942).

■ To be effective as a will, the writing must be testamentary in character. The applicable test was stated in Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 733

<hr>

1. The jury found: 1. The instrument was wholly in the handwriting of deceased. 2. Such instrument was signed by her. 3. Deceased had testamentary capacity when she wrote and signed same. 4. Deceased wrote and signed said instrument with the intention and purpose to make a disposition of her property or portion thereof, to take effect at her death. 5. Such instrument was not written and signed as a result of undue influence by appellees.

(1955), as follows: "An instrument is not a will unless it is executed with testamentary intent. The animus testandi does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, but upon his intention to create a revocable disposition of his property to take effect after his death. It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate." See also Langehennig v. Hohmann, supra; Price v. Huntsman, 430 S.W.2d 831 (Tex.Civ.App. —Waco 1968, writ ref'd n. r. e.); 9 Bailey, Texas Practice, Wills, § 225 (1968).

■ The instrument in question, like most holographic wills of laymen, has many shortcomings insofar as a well written testamentary document is concerned. However, the deceased expressly set about to write "her last will and testament." She provided for the payment of her debts out of her "estate" which also indicates a testamentary intent. She made a specific bequest to appellees. The concluding paragraph of the instrument demonstrates her recognition of the ever-increasing possibility of death, since she was then in her eighties.

Appellant urges, however, that testatrix had no intention of making disposition of her property in that she used the precatory word "desire." It is true that such word in its ordinary and primary meaning is precatory. However, it is often construed as mandatory when it appears from the context or from the entire document that it is the expression of the testator's intent in making disposition of his property. Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943 (1958); Langehennig v. Hohmann, supra; Hunt v. Hunt, 329 S.W.2d 488 (Tex.Civ. App.—San Antonio 1959, no writ); Sanders v. Maxwell, 265 S.W.2d 683 (Tex.Civ. App.—Fort Worth 1954, no writ). Here there is no other provision in the instrument which would defeat the testator's expressed intention that this was her last will and testament, or to demonstrate that this instrument was to serve only as an expression of her wishes. Cf. Langehennig v. Hohmann, supra; In re Sorenson's Estate, 370 S.W.2d 225 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e.).

We cannot say that as a matter of law the holographic instrument admitted to probate is not a testamentary instrument. In the absence of a statement of facts, we must presume that there is sufficient evidence to support the jury finding that deceased wrote and signed such instrument with the intention and purpose of making disposition of her property, or a part thereof, to take effect at her death. The trial court properly admitted such instrument to probate.

The judgment is affirmed.

