Grace L. HOFFMAN, et al., Appellants,

v.

Alina Gloria IRIZARRY, Appellee.

No. 05–82–01392–CV.

Court of Appeals of Texas,
Dallas.

June 21, 1984.

Charles Romick, Dallas, for appellants.

Cooper Blankenship, Dallas, for appellee.

Before STOREY, GUILLOT and SHUMPERT, JJ.

STOREY, Justice.

Grace L. Hoffman and George Keller appeal from a judgment probating a codicil to the last will and testament of Mabel Laura Keller. The codicil stated that it was published as an amendment to a will dated April 20, 1976. Testimony was admitted, however, to prove that Mabel intended the codicil to amend a later will. The jury, by its verdict, accepted this testimony. Hoffman and Keller contend on appeal that the court erred in admitting the extrinsic evidence, in submitting the issue on intent, and, consequently, in admitting the codicil to probate. We conclude that the testimony was admissible and that, based upon the verdict, the codicil was properly admitted to probate. Accordingly, we affirm.

At Mabel's death in 1981 three testamentary instruments were filed for probate: (1) a will dated April 20, 1976; (2) a will dated June 21, 1976, which revoked all earlier wills; and (3) a codicil dated April 12, 1977 —the instrument which is at issue in this appeal. The June 21 will and the codicil were admitted to probate. Hoffman and Keller do not contest the court's probate of the June 21 will, but do complain of the probate of the codicil.

■ The codicil, when offered for probate, showed its date of execution to be April 12, 1977. The date as typed on the instrument was April 12, *1976*. This earlier date was lined out and the later date was written in by hand. Mabel's attorney, who prepared the codicil and subscribed to it as a witness, testified that the codicil was signed at Mabel's home. He observed the obvious error in the date and corrected it in Mabel's presence and in the presence of the other subscribing witness. The other witness to the codicil confirmed that it was signed on April 12, 1977. The jury, in response to a special issue, found April 12, 1977, to be the date of execution. Hoffman and Keller contend that the court erred in submitting the issue and in failing to disregard the jury finding. We conclude that the issue need not have been submitted. The testimony of the subscribing witnesses was not controverted, and no evidence was offered which might tend to prove that the date as corrected on the face of the instrument was in error. The issue was apparently submitted out of an abundance of caution. Any error in its submission was harmless.

A different problem is presented, however, in determining to which will the codicil applied. The introductory paragraph to the codicil declared it to be "the First Codicil to the Last Will and Testament executed by me on the 20th day of April 1976." Paragraph II recited that "As amended, I hereby ratify, confirm and republish all of the provisions of my said will dated April 20, 1976." Mabel's attorney who prepared the codicil and both the April 20 and June 21 wills testified that these references, as was the case with the codicil's date of execution, were the result of errors made by his legal assistant. He testified that Mabel intended the codicil to refer to and modify the June 21 will. The jury, in response to a special issue, found that the codicil was intended to refer to and modify the June 21 will.

Hoffman and Keller do not contend that the codicil was intended to republish the April 20 will which had been expressly revoked by the June 21 will. Instead, they argue that the codicil should not have been admitted to probate because it shows no intent on its face to modify the June 21 will. Hoffman and Keller rely upon the language of *Hohmann v. Langehennig*, 153 S.W.2d 1011, 1014 (Tex.Civ.App.—El Paso 1941), *aff'd*, 139 Tex. 452, 163 S.W.2d 402 (1942), for the proposition that the intent to modify an earlier will must appear on the face of a codicil and that extrinsic evidence is inadmissible to show a different intent.

■ We agree that extrinsic evidence is inadmissible when an instrument fails to positively evidence testamentary intent. *Cravens v. Chick,* 524 S.W.2d 425, 427 (Tex.Civ.App.—Fort Worth), *writ ref'd n.r.e. per curiam,* 531 S.W.2d 319 (Tex. 1975). Here, however, it is undisputed that the codicil was intended to be testamentary in nature and was intended to modify an earlier will. The question presented is: which will?

As noted, Hoffman and Keller do not contend that the codicil intended to revive and republish the April 20 will. Rather, they presumably agree that the June 21 will was properly admitted to probate. Their argument then, stated another way, is that because the codicil on its face purports to modify a revoked will, it should be treated as a nullity. It follows from this argument that in executing the codicil Mabel performed an empty and useless act. We disagree with this contention.

■ The law will not presume that a testatrix intended a useless act. *Republic National Bank of Dallas v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39, 44 (1955). On the contrary, we are bound to reach the opposite conclusion. *Id.* This is particularly true where as here the codicil does not contradict or create an ambiguity in the June 21 will, but instead may be read in harmony with it. We conclude that under these circumstances a fact question was presented as to whether Mabel intended the codicil to refer to and modify the June 21 will, and that extrinsic evidence was admissible to aid the jury in its determination. While it is well settled that extrinsic evidence may be offered to explain an ambiguity arising out of the disposition of property in a will, *see Anderson v. Dubel,* 580 S.W.2d 404, 408 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.) and cases cited therein, we find no Texas authority addressing the particular facts here presented. We perceive no reason, however, that the basic rule of will construction, namely, that the purpose is a determination of the true intent of the testatrix, should not apply.

The Supreme Court of Alabama was presented with the identical question in *Fuller v. Nazal,* 259 Ala. 598, 67 So.2d 806 (1953). There, the testatrix executed a codicil which recited that it was to amend her 1939 will. The 1939 will had been expressly revoked, however, by a 1941 will. Applying settled rules of construction, the court held:

> The codicil does not in and of itself show an intent on the part of the testator to revoke the 1941 will and to revive the 1939 one. It is manifestly ambiguous in referring to the 1939 will as the testator's last will when in fact the 1941 will, still unrevoked, was her last will. So it became necessary and proper to resort to evidence *aliunde* to determine the intent of the testator with respect to the issue.

We approve the rationale of *Fuller.* Accordingly, we hold that, based upon the jury finding that Mabel intended her codicil to refer to her later will, it was properly admitted to probate as a codicil to the June 21 will.

■ Hoffman and Keller also contend that the court erred in excluding from evidence certain deposition testimony and an earlier will drafted for but not signed by Mabel. The deposition testimony merely demonstrated Hoffman's care and concern for Mabel during her illness. It was not probative of any material issue in the case. Similarly the draft will was not probative of any issue. We hold that they were properly excluded.

Affirmed.