In re CAMPIA'S ESTATE.

No. 11123.

Court of Civil Appeals of Texas.
San Antonio.

March 18, 1942.

Rehearing Denied April 22, 1942.

G. Woodson Morris, of San Antonio, for appellant.

William Alter, I. L. Dodic, and Henry Castillo, all of San Antonio, for appellee.

SMITH, Chief Justice.

The appeal presents the question of whether the following instrument was intended and did constitute the last will and testament of Carlos Campia, deceased, or was it a mere designation by him of a change of beneficiary of a burial benefit provided for members of a fraternal benefit society known as "Sociedad de la Union," of which Campia was a member at the time the instrument was executed:

"Sociedad De La Union
"Matamoros and Pecos Sts.,
"San Antonio, Texas.
"No.

"I, Carlos Campia, active member of the H. Sociedad de la Union, in complete use of my mental faculties and without suggestion of any kind, declare, signing in my own handwriting before the corresponding witnesses, that it is my last will that the amount to which I am entitled to out of the Burial Fund to which I have a right in this Society, be turned over to Sixto Garcia, 420 Camada St. whom I appoint as beneficiary of said amount; it being understood that from said amount should be deducted all legal indebtedness I may have with this Group, and expenses of my funeral, if in accordance with my family it is carried through by the Society, and find myself at my death within the Constitutional Laws which govern said fund.

"In compliance with my obligations as a member of the Society I sign the present in my own handwriting, the 17th day of August of 1939.

"Union and Progress
"Name of Member
"Carlos Campia
"Witness                  Witness
"Praxedis Martinez    Porfirio Salinas"

After Campia's death Sixto Garcia, named therein, propounded the instrument for probate in the county court as the last will of Campia. Tomasa Serrano Campia, mother of the decedent, filed opposition and upon a trial in the county court the contest was sustained and probate of the instrument denied. On appeal the district court rendered a like judgment from which Sixto Garcia brings this appeal.

It appears from the evidence that on the decedent's request therefor, the Society furnished him a regular form used by the Society as authority to it to change beneficiaries named in policies issued by it to its members, and in compliance with this request the Society furnished Campia the form filled out and executed by him and offered for probate by Sixto Garcia. The Society required that the execution of this form be witnessed by two of its members, as was done here; and when so executed and witnessed, it constituted the Society's authority to make the indicated change in beneficiaries.

The trial court heard evidence concerning the transaction and expressly found that the decedent did not intend that the instrument should operate as his will; that it was not a will but was a designation of the beneficiary of the death benefit in question.

We are of the opinion that the trial court properly refused probate of the instrument as a will, not only upon the express findings, but from the very form and terms of the instrument itself.

The instrument does not purport to dispose of any of the real or personal estate of the decedent, or to effectuate any of the purposes of a last will and testament. It does not purport to effect any object other than to substitute Garcia as the beneficiary of the fund provided by the insurer for the expenses incident to the death and burial of the member. It is true the instrument embraces some expressions and formalities of a will, but those were dictated by the Society for its own protection, as a condition to a change of beneficiaries of the benefit affected by the instrument.

We see no merit in the appeal. All of appellant's points are overruled and the judgment affirmed.