U. C. BOYLES v. ARCH V. GRESHAM

No. A-4358. Decided January 13, 1954.
Rehearing overruled February 10, 1954.
(263 S.W. 2d Series 935)

The Court of Civil Appeals erred in holding that the instrument offered as the last will and testament of Lon Gresham, deceased, did not effect any testamentary disposition of any property of the deceased, nor did it designate a beneficiary or nominate an executor, and was, therefore, not a will and was not entitled to probate as such. Ferguson v. Ferguson, 121 Texas 119, 45 S.W. 2d 1096; Gilkey v. Chambers, 146 Texas 355, 207 S.W. 2d 70; Stone v. Brown, 16 Texas 425.

An instrument which does not dispose of any property but named certain persons to whom the writer desires that his property be "turned over" to for the purpose of "winding up" his affairs, after his death, is not a will and should not be probated. Williams v. Noland, 32 S.W. 328; Heidenheimer v. Baumann, 84 Texas 174, 19 S.W. 382; 31 Am. St. Rep., 29; Holcomb v. Newton, 226 S.W. 2d 670.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This case originated in county court as an application by petitioner, U. C. Boyles, to probate an instrument in writing as the will of Lon Gresham. The application was contested by respondent, Arch V. Gresham, who alleges that he is the son and sole heir of Lon Gresham. The county court admitted the will to probate, but the district court on appeal rendered judgment refusing the application. That judgment was affirmed by the Court of Civil Appeals, 260 S.W. 2d 144. Both the District Court and the Court of Civil Appeals held that the written instrument is not a will because it does not make testamentary disposition of property. The instrument alleged to have been wholly written by the testator is as follows:

"Terrell Tex Jan 12—1950
"this Letter is Written With the idea that Some thing might happen to me. that I would be wiped out
Suddenly if this Should Happen
my business would be in awful shape no relatives, nobody
to do a thing So, this is written to try to have my
affairs wound up in a reasonable way in case of my Sudden Death. Would Like to have all of my affairs, Cash all assets including any Bank Balance turned over to Parties named below With out any Bond or any Court action that can be avoided.
they to wind up my affairs in any way they See fit.
U. C. Boyles Refrigeration Supply Co
Charlie Hill Superior Ice Co
Should these Gentleman need a third man Would Suggest Walker. National Bank of Commerce
Each of these Gentleman to Receive $500.00 for his Services
I have tried to make my wishes plain.
of Course these Crooked Lawyers Would want a Lot of Whereas and Wherefores included in this.
not much in favor of the organized Charities they are too Cold blooded also not much in Favor of any person over 21— Benefitting by my Kick off unless there is a good reason

am inclined to play the children
they are not Responsible for being here and Cant help
themselves

"Terrell—Feb.7—1950

have Let this Letter get cold and Read it again—to See
if it Seemed ab*u*t Right
dont See much wrong except no wheres a*n* Wherefores—excuse
me

"Lon Gresham"

This being a proceeding for the probate of a writing alleged to be a will, it is not the province of the Court to construe it further than to decide whether it is or is not testamentary in character. If it is not of that character, it is not a will and it cannot be admitted to probate. Langehenning v. Hohmann, 139 Texas 452, 457, 163 S.W. 2d 402, and authorities there cited.

■ We agree with the conclusion of the Court of Civil Appeals that the writing does not make a devise or a bequest of the maker's property. As far as property is concerned the instrument goes no further than to provide that it be turned over to U. C. Boyles and Charlie Hill, without bond or court action "to wind up my affairs." Expressions in the writing as to organized charities, persons over 21 and children are too vague and indefinite to amount to disposition of property. In our opinion the designation of U. C. Boyles and Charlie Hill to wind up the maker's affairs without bond or court action amounts to the appointment of them as independent executors. The word "executors" is not used, but it is not necessary that a person appointed to take charge of an estate be expressly named as executor. He is constituted an executor if the will discloses, as we believe the instrument here involved does, the testator's intention that the person designated shall take charge of and administer the estate. Stone v. Brown, 16 Texas 425, 430. We construe the writing as one that names or appoints executors but does not purport to dispose of any property, which brings us to the question whether such an instrument, when shown to have been executed as a will is required to be executed, may be probated.

■ We find no Texas cases directly deciding this question. "The prevailing view, however, is that the disposition of property is not an essential characteristic of a will, and an instrument simply nominating an executor may be a will." 57 Am. Jur., p. 55, Sec. 27. Thompson on Wills contains the following definition of a will and statement of its essential characteristics:

■ "A 'will' has been defined to be a legal declaration of a person's intention or wish regarding what shall be done after his death touching the disposition of his property, the guardianship of his children, or the administration of his estate. It is said to be a means of transferring title to property. Any writing or declaration by which a person undertakes to make disposition of his property or estate, to take effect after his death, is testamentary in character, and if executed in accordance with the formalities prescribed by law, is entitled to probate as a will. As used in modern statutes, the term generally includes every kind of testamentary act taking effect from the mind of the testator and manifested by an instrument in writing executed and attested in conformity to the statute. It is generally held, however, that the disposition of property is not an essential characteristic of a will, but that a valid will may be made for the sole purpose of appointing an executor, * * *." Thompson on Wills (3rd Ed.) p. 22, Sec. 11.

The text of Page's, The Law of Wills, states that an instrument cannot be a will unless it deals with one or more of the following:

"(1) The property of testator, either real or personal, either in whole or in part, or property of which he has power to dispose by will * * * *.

"(2) The appointment of an executor to take charge of testator's property at testator's death, and to dispose of it according to the law and the will, even if no further disposition of testator's property is made, or if the attempted disposition of property is inoperative for reasons which do not affect the validity of the will as a whole * * *." Page's, The Law of Wills, (Lifetime Ed.) Vol. 1, pp. 103-104, Sec. 47.

See also Schouler on Wills (6th Ed.) Vol. 1, p. 420, Sec. 341; 68 C. J. p. 884, Sec. 612. The texts quoted and cited above are supported by many authorities.

An elaborate annotation in 147 A.L.R., pp. 637-647, on the subject "Nondispositive Writing as a Will" contains this conclusion, followed by citation of many authorities, with quotations from a number of them:

"The rule is well established, except for scattered cases, or under unusual circumstances, that an instrument of a testamentary nature and properly executed is a will if it names or nominates an executor, notwithstanding the instrument does not pur-

port to dispose of any property or contains no effective disposition thereof." 147 A.L.R. p. 640.

The Texas cases cited by the Court of Civil Appeals do not, in our opinion, support its conclusion that the writing is not a will because it does not dispose of property. The opinions in those cases went no further than to hold that the instruments which they construed did not dispose of property, and therefore were not wills. There was not before the court in any of those cases a writing that named an executor and made no disposition of property. None of the writings offered for probate in those cases named an executor.

In Langehenning v. Hohmann, 139 Texas 452, 163 S.W. 2d 402, the writing provided that a will theretofore made by a husband and wife should remain in full force and effect, and then expressed certain wishes and desires as to what should be done by the survivor with respect to debts and by their children with respect to adjustment of property among the children. The question presented and decided was whether the writing was intended as a mandatory disposition of property, or merely as an expression of the wishes of the husband and wife. It was held that because the instrument was merely precatory and not intended to be a testamentary disposition of property it was not a will.

Maxey v. Queen, 206 S.W. 2d 114, decided merely that an instrument reciting that the maker was sick in a hospital and containing the words "I wont my deads male to my sister. Ola Mae Maxey" was not testamentary in character because the language used could not reasonably be interpreted to mean that the purported testatrix was devising her property or any of it to her sister.

In Re Campia's Estate, 161 S.W. 2d 164, construed an instrument as amounting merely to the substitution of a specified person as beneficiary of a fund provided by a fraternal benefit society and as not intended to operate as a will.

The instrument construed and held not to be a will in Williams v. Noland, 10 Texas Civ. App., 629, 32 S.W. 328, merely expresses the wish of the testatrix that certain persons raise her children in the event of her death.

The opinions in each of the four cases above cited used as the test for determining whether the instrument was testamentary

in character a definition in substance that a will is a writing that discloses an intention to make disposition of property. That definition was appropriate for the solution of the question before the court in each of those cases, and usually it is sufficient, for most instruments purporting to be wills make disposition of the testator's estate. The definition is not all-inclusive, however, and it should not be taken to mean that an instrument properly executed as a will and which names or nominates an executor but does not purport to dispose of property cannot be admitted to probate as a will.

■ We approve this statement by the Supreme Court of Alabama: "The will is but the expression of the desire of and direction by the testator as to what shall be done with property left by him, and if he does not desire to make any disposition save such as the law provides, but does desire to name the one who shall administer upon his effects, he has the right to do so." Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L.R.A. (N.S.) 963. The naming of an executor without making a devise or a bequest of property, while it does not invest the executor with title, may be regarded as "a special disposition of the property to the executor for administration purposes." Blacksher Co. v. Northroup, 176 Ala. 190, 57 So. 743, 42 L.R.A. (N.S.) 454; Page's, The Law of Wills (Lifetime Ed.) Vol. 1, pp. 104-105, Sec. 47. So to regard such an appointment of an executor is consistent with Article 3314, Revised Civil Statutes of 1925, which gives to the executor upon the issuance of letters testamentary the right to the possession of the estate, to administer and dispose of it in accordance with law. Ray v. Fowler, 144 S.W. 2d 665, 669.

The opinion of the Court of Civil Appeals herein suggests a difference in statutes as a reason for adopting a rule in this state contrary to that prevailing in most jurisdictions, referring to the fact that in many jurisdictions administration of a deceased person's estate is required by statute and saying: "But in Texas an administration of the estate of a deceased person is not required. In fact, an administration cannot be granted unless there is a necessity therefor, the necessity to be determined by the court hearing the application. Article 3256, R.C.S., 260 S.W. 2d 146.

It is doubtless true that some of the decisions of other states following the prevailing view may be influenced by the terms of statutes, but most, or certainly many, of the cases merely announce the rule as the settled law, or they give reasons aside

from statutory provisions to support it. See for example: In re Douglas' Estate, 303 a. 227, 154 Atl. 376, 378, where the court said: "it being a principle of law requiring no citation of authority that mere naming of an executor in a paper purporting to be testamentary is sufficient to render the writing a will"; and Reeves v. Duke, 192 Okla. 519, 137 ac. 2d 897, 147 A.L.R. 634, 636, where the court, answering the contention that an instrument was not a will because it merely nominated executors and made no disposition of property, said without referring to any statute that "the omission to distribute property does not deprive it of its testamentary character. It is a will and entitled to probate if it does no more than nominate an executor."

In re Hickman's Estate, 101 Cal. 609, 36 ac. 118, referred to and construed the California statute relating to a public administrator and gave the following reason for its decision that a will naming an executor should be admitted to probate even though the sole beneficiary under the will had died prior to the testator's death:

"The fact that a testator nominates an executor, but without giving a legacy or devising any part of his property, makes it none the less a will. It may often occur that, subject to the payment of his just debts, a testator is quite willing that his property shall be succeeded to as provided by law, while the selection of the minister through whom the settlement is to be made and the distribution is to be had is not only a matter of deep interest to him, but of vital interest to the estate; and, as the law accords to him the privilege of making the selection of his executor, it must be upheld, when duly made."

We find nothing in our statutes prohibiting, either expressly or by implication, the probating as a will of a writing that appoints an executor but makes no devise or bequest, and nothing that evidences a policy against admitting such an instrument to probate. Article 3356, Revised Civil Statutes of 1925, referred to in the opinion of the Court of Civil Appeals as prohibiting the granting of administration unless there is a necessity for it, relates to the granting of administration, the issuance of letters of administration, and not to probating wills or issuing letters testamentary. There are in the statutes requirements of allegations and proof of the existence of necessity for administration before administration can be granted. Articles 3332, 3370. There are no requirements of allegations or of proof of necessity for administration before a will can be probated or letters testamentary issued. Articles 3329, 3348, 3369. And see Buchner v. Wait,

137 S.W. 383, 388, application for writ of error refused. Articles 3457 to 3465 merely permit the withdrawal of estates from administration upon the giving of bond conditioned for the payment of all debts against the estate, and are not declaratory of a policy against administration. They do not relate to the probating of a will or to the original appointment of an administrator. They authorize withdrawal after letters testamentary have been issued or after an administrator has been appointed.

Finding no decisions of the courts of this state and nothing in our statutes requiring a different conclusion, we follow the rule, established by the great weight of authority and well supported by reason, that an instrument of testamentary nature and properly executed is a will if it appoints an executor, and should be admitted to probate when the required proof is made, even though it makes no devise or bequest or no effective devise or bequest of the testator's property.

■ Respondent by a counter point in the Court of Civil Appeals made the contention that the instrument should not be admitted to probate because by its terms it was made to take effect only on a contingency, and that no proof was offered that the contingency occurred. This contention is based on the statements in the will that it "is written with the idea that something might happen to me"; that if he should be wiped out suddenly his "business would be in awful shape"; and that it is written to have his affairs wound up in a reasonable way in case of his sudden death.

In our opinion these expressions do not make the will a contingent will. There is neither statement nor clear implication that the will shall be effective only in the event of sudden death. We believe that the language about apprehension of sudden death, read in connection with the entire contents of the instrument, amounts to a statement of the inducement for the making of a will and does not make it a contingent will. In our opinion the case is ruled on this point by Ferguson v. Ferguson, 121 Texas 119, 45 S.W. 2d 1096, 79 A.L.R. 1163, rather than by Bagnall v. Bagnall, 148 Texas 423, 225 S.W. 2d 401.

Petitioner presents in the alternative the contention that the estate passed to Boyles and Hill as trustees, and that the instrument is sufficient to create a valid charitable trust. In view of the conclusions which we have expressed we do not pass on this contention.

Final judgment cannot be rendered here. Petitioner offered in evidence the proof of the will that had been filed in county court. He then offered the will, which the court excluded, sustaining respondent's contention that the instrument is not testamentary because it does not purport to dispose of property. Petitioner sought to offer further evidence in proof of the will, but it was not admitted, and thereupon the court sustained respondent's motion for judgment.

The judgments of the district court and the Court of Civil Appeals are reversed, and the cause is remanded to the District Court for trial not inconsistent with this opinion.

Opinion delivered January 13, 1954.

Rehearing overruled February 10, 1954.