Arch V. GRESHAM, Appellant,

v.

U. C. BOYLES, Appellee.

No. 3445.

Court of Civil Appeals of Texas.

Waco.

April 4, 1957.

Rehearing Denied May 9, 1957.

J. C. Muse, Jr., Ralph W. Currie, Dallas, for appellant.

Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

HALE, Justice.

This action was brought by appellee in the County Court of Kaufman County to probate an instrument in writing as the will of Lon Gresham. The application was contested by appellant, who alleged that he is the son and sole heir of Lon Gresham. The County Court admitted the proposed will to probate but the District Court on appeal rendered judgment refusing the application. The judgment was affirmed by the Court of Civil Appeals, 260 S.W.2d 144, upon the ground that the purported will did not make testamentary disposition of property. The Supreme Court granted

writ of error, reversed the judgments of the District Court and of the Court of Civil Appeals, holding it was not necessary to the validity of the proposed will that it did not make testamentary disposition of property, and remanded the cause to the District Court for trial not inconsistent with the Supreme Court's opinion as reported in 153 Tex. 106, 263 S.W.2d 935. The proposed will is set forth in full in each of the foregoing opinions.

Upon the second trial, from which the present appeal has arisen, a jury found on special issues that appellant, the contestant, is the son of Lon Gresham, deceased, and that the latter possessed testamentary capacity at the time he executed the proposed will. Thereupon, the court rendered final judgment on May 17, 1956 admitting the will to probate and appointing appellee as independent executor thereof without bond. Appellant has appealed from that portion of the judgment which appointed appellee as independent executor without bond, upon the following point of error: "Having correctly determined that the provisions of the new Probate Code were applicable to this cause as to all proceedings subsequent to January 1, 1956; and having correctly concluded, under the evidence, that appellee is a person unsuitable to act as Executor, it was error for the Court to appoint him independent executor without bond."

■ The Texas Probate Code, Acts of 1955, 54th Leg., p. 88, Ch. 55, V.A.T.S., provides in Sec. 2 thereof that this Code shall take effect and be in force on and after January 1, 1956, subject to the terms therein specified. This section provides that the procedure therein prescribed shall govern all probate proceedings in the county and probate courts brought after the effective date of the Act, except to the extent that in the opinion of the court, with respect to proceedings in probate then pending, its application in particular proceedings or parts thereof would not be feasible or would work injustice, in which event the former procedure shall apply. In the case before us the trial court expressly found that the application of the Probate Code in this particular proceeding would be feasible and would not work an injustice. Consequently, we think the trial court correctly determined that the provisions of the Probate Code were applicable to this cause, in so far as proceedings had subsequent to January 1, 1956 are concerned.

■ Prior to the effective date of the present Probate Code, the probate court, when called upon to appoint a person to the executorship of a will and estate, had no authority to inquire into the fitness of any person nominated as executor to carry out the terms of the will, the determination of the suitability of the named executor being the sole prerogative of the testator, provided only that such executor be of sound mind and more than 21 years of age. Journeay v. Shook, 105 Tex. 551, 152 S.W. 809; Shaffer v. Luby's Estate, Tex.Civ. App., 297 S.W. 582. However, under Sec. 78 of the Code as it has existed since January 1, 1956, it is expressly provided that no person shall be appointed executor or administrator who is a minor, an incompetent, or a person "whom the court finds unsuitable." In other words, it is now plainly provided by the Code that any person whom the probate court properly finds from the evidence to be in fact unsuitable to execute the terms of the will is as a matter of law disqualified to serve as executor thereof and should not be appointed as such by the probate court. 14A Tex.Jur. pp. 172, 173, Sec. 155 and authorities.

In response to the request of appellant, the trial court filed findings of fact and conclusions of law. Certain findings and conclusions are also incorporated in the final judgment from which this appeal has been perfected. The findings and conclusions of the trial court as contained in the record are somewhat vague, indefinite, confusing and in some respects contradictory. The record discloses that on February 22, 1956 the trial court rendered judgment ad-

mitting the will of Lon Gresham to probate and appointing appellee as independent executor thereof without bond. On March 2, 1956, appellant filed his motion for new trial and on April 14, 1956, the motion for new trial was granted and an order entered setting aside the judgment of February 22nd. On May 17, 1956, final judgment from which this appeal has been perfected was again rendered and entered admitting the will to probate and appointing appellee as independent executor thereof without bond. On May 25, 1956, appellant again filed his motion for new trial, asserting therein, again, that appellee was disqualified to serve as executor of the will because he was an unsuitable person for that purpose. At the request of the court, the parties agreed to extend the time for deciding the motion for new trial until July 19, 1956, and on the latter date, no action having been taken on appellant's motion for new trial, the same was overruled by operation of law. Thereafter, on September 12, 1956, the trial court filed its findings of fact and conclusions of law in the cause.

In the final judgment from which this appeal has been perfected, we find the following recitations: "On February 22, 1956, judgment was entered for proponent, admitting the will to probate and appointing U. C. Boyles as Independent Executor, and that on April 16, 1956, said judgment was set aside in part so as to permit evidence to be heard regarding the qualifications of U. C. Boyles to be appointed independent executor and to receive letters testamentary; but said order specifically provided that the verdict of the jury should not be set aside, but should remain the verdict of the jury in this cause on the issues submitted. That on the 17th day of May, 1956, came on to be heard the application of U. C. Boyles to be appointed independent executor of the estate of Lon Gresham, deceased, and came the parties proponent and contestant, in person and by their attorneys of record, and announced ready; whereupon the court proceeded to hear evidence regarding the qualification of U. C.

Boyles to be independent executor of Lon Gresham, deceased, and the court, after considering the pleadings on file, evidence presented both by proponent and contestant, and after hearing argument of counsel, concluded that under the evidence, U. C. Boyles is qualified to be independent executor under the will of Lon Gresham, deceased, and that the said U. C. Boyles is qualified to receive letters testamentary."

The trial court's findings of fact and conclusions of law in their entirety are as follows:

"Findings of Fact.

"1. This cause involves the probate of the will of Lon Gresham, deceased, and the appointment of an executor. It involves the same will which was before the Supreme Court of Texas in Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935.

"Following the return of the mandate to this Court subsequent to the foregoing decision, an in limine proceeding before a jury was held on June 6, 1955, resulting in a jury verdict to the effect that Arch V. Gresham is the son of Lon Gresham, deceased.

"3. Thereafter, and beginning on January 9, 1956, this cause was tried before a jury, and the parties submitted to the jury only the issue of testamentary capacity of Lon Gresham, deceased. On January 10, 1956, the jury returned its verdict finding that the deceased was possessed of testamentary capacity. Thereafter, and on February 22, 1956, judgment was rendered on the verdict of the jury admitting the will to probate and granting letters testamentary to U. C. Boyles.

"4. Thereafter, and on April 14, 1956, pursuant to motion for new trial, this Court determined that error had been committed in failing to apply the provisions of the New Probate Code in determining whether the proponent is entitled to letters testamentary. In

this connection the Court did find, and does now find, that the application of the New Probate Code to this particular proceeding is feasible and would not work injustice.

"5. It was agreed by the parties that the matter of the right of proponent to receive letters testamentary should be submitted to and determined by the Court without a jury. The parties agreed to accept the verdict of the jury on the issue of testamentary capacity, the only issue submitted or requested by either side.

"6. Thereafter, and on May 17, 1956, there came on for hearing the matter of the qualification of U. C. Boyles to receive letters testamentary under the provisions of the New Probate Code, which became effective January 1, 1956. The findings of fact hereinafter made deal with the issue presented at that hearing.

"7. The Court finds that at all material times the general reputation of the proponent, U. C. Boyles, for truth and veracity, honesty and fair dealing, for being a good business man, is good.

"8. The Court finds that the said U. C. Boyles is claiming a personal interest in the estate of the said Lon Gresham. The testimony of U. C. Boyles, while somewhat evasive, is sufficient to convince the Court as a matter of fact that the said proponent asserts that at least a portion of the estate which the deceased left should be used to pay the proponent or reward the proponent for many acts of kindness and friendship which he, the proponent, bestowed upon the deceased.

"When the lock box of the deceased was opened, cash to the amount of $4300.00 was found therein. This cash was in an envelope on the outside of which 'boys' had been written. It is the view of the proponent, U. C. Boyles, that said cash was intended by the deceased, Lon Gresham, to go to the two sons of proponent.

"10. The proponent, U. C. Boyles, admitted on cross-examination that on the former appeal he had contended that the estate went to him as beneficiary; that he has not changed his mind about that and will never.

"11. Based on the evidence as a whole, it is the finding of the Court as a matter of fact that unless it can be said that the will in question vests in U. C. Boyles the entire beneficial interest of the estate, his personal interest is so adverse to the estate that his appointment to the position of trust sought would prejudice the rights of the estate and those entitled to it.

"Conclusions of Law.

"I conclude as a matter of law:

"1. It is the duty of the trial court to apply the provisions of the New Probate Code in determining whether U. C. Boyles is entitled to receive letters testamentary.

"2. That the will of the said Lon Gresham is not susceptible to the construction that U. C. Boyles is vested with the beneficial interest in the estate.

"3. That by reason of the adverse interest found to exist on the part of the proponent, U. C. Boyles, he is an unsuitable person to serve as Independent Executor, and the Court should so find except for the conclusions of law hereinafter expressed.

"4. At the time judgment was entered herein, following the hearing before the Court on the issue of suitability, the Court was of the opinion that the adverse interest then and now found by the Court to exist was not sufficient under the law to deny to proponent the right to receive letters testamentary because the Probate Code provided for the giving of bond, even

in cases like the one here presented where the will specifies no bond.

"5. Following the argument on motion for new trial this Court expressed to counsel some doubt as to the correctness of the conclusion of law just preceding. The Court thereupon took the matter under advisement, and the parties agreed to and did extend the time for the determination of the motion for new trial to July 19, 1956.

"6. The matter was under consideration by the trial court when, on or about July 16, 1956, a personal bereavement made it impossible to give the matter further consideration. No action having been taken on or prior to July 19, 1956, I conclude that the motion for new trial was on said date overruled by operation of law.

"These I make and publish as my Findings of Fact and Conclusions of Law on this 12 day of September, 1956."

██ It appears to us from the foregoing recitals that the learned trial judge was in a state of doubt and confusion not only as to the correctness of the judgment here appealed from, but also as to the findings of fact and conclusions of law relating thereto. It will be noted that in the judgment the Court concluded that appellee is qualified to be independent executor, while in the subsequent findings and conclusions the Court found from sufficient evidence numerous evidentiary facts tending to show appellee to be an unsuitable person to serve as independent executor, and expressly concluded that he is unsuitable by reason of his adverse interest in the estate of the deceased, except for the fact that the Probate Code provides a method by which an independent executor may be required to give bond. We do not concur in the view that a person who is in fact unsuitable to serve as an executor is qualified to serve

as such solely because the Probate Code provides in Secs. 214 and 217 thereof a method by which an executor may be required to give bond under penalty of being removed from office. It is our opinion that if appellee is in fact or in law an unsuitable person to act as independent executor, even though he may be required to give bond under Sec. 214 of the Probate Code, he is, nevertheless, disqualified as a matter of law to serve as such executor. We think that under the Probate Code as it now exists, no person can be qualified to serve as executor if, for any reason, he is at the same time an unsuitable person to perform the duties of such office of trust. As said by the Supreme Court in the case of Stevens v. Cameron, 100 Tex. 515, 517, 101 S.W. 791, 792: "Clearly one who may be removed for incapacity to perform the duties of the office should not be appointed. Such a doctrine would lead to the absurdity of making it the duty of the court to appoint one administrator of an estate, and of then removing him."

Appellee contends that the provisions of Sec. 78 of the Probate Code have no application to an independent executor, because Sec. 146 of the Code provides, among other things, that "the provisions of this Code shall not apply to independent executors except where specifically made applicable thereto." We cannot agree with this contention. Without discussion of our views relating to this question, we here refer with approval to the Interpretative Commentary following Sec. 146 of the Probate Code in Vernon's Ann.Tex.Civ.Stats. See also Annotation 18 A.L.R.2d 634.

Because we have concluded that the trial court erred in appointing appellee independent executor without bond, that portion of the judgment here appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.